UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHA RONN JACKSON,

    Petitioner,

v.

JAMETRICE ABNEY,

    Respondent.

Case No.
(Milwaukee County
Case No. 26-CV-1185)

---

# NOTICE OF REMOVAL

---

Respondent, by her attorneys, Brad D. Schimel, United States Attorney for the Eastern District of Wisconsin, and Chris R. Larsen, Assistant United States Attorney for said district, respectfully represent:

1. There is now pending before the Milwaukee County Circuit Court, a matter captioned as *Sha Ronn Jackson vs. Jametrice Abney*, Case Number 26-CV-1185 (the "State Court Action"). A true and correct copy of the Petition for a Temporary Restraining Order (the "Petition") is marked as **Exhibit A**.

2. The Petition seeks a Temporary Restraining Order and subsequent Injunction against Jametrice Abney, a United States Postal Service Supervisor. Petitioner alleges that during a workplace dispute at their Post Office, Supervisor Abney became hostile and confrontational, yelled at petitioner, ran at petitioner with hands and arms swinging in her face, got nose-to-nose close to petitioner, and at one point Supervisor Abney's forehead hit the petitioner's forehead at which point the manager pulled Supervisor Abney away from petitioner.

3. The Milwaukee County Circuit Court granted a temporary restraining order on February 12, 2026, the same date the Petition was filed, and set the matter for an Injunction Hearing scheduled for February 25, 2026. A true and correct copy of the Temporary Restraining Order is marked as **Exhibit B**.

4. The Temporary Restraining Order currently requires Supervisor Abney, among other things, to avoid contact with the petitioner at her place of work. The Petition also seeks an Injunction with the same requirements. Petitioner and Respondent work at the same federal facility. The United States Postal Service is investigating the situation, and federal employees have several avenues for resolution of employment disputes under existing federal law and procedures.

5. Title 28 U.S.C. § 1442(a)(1) provides in relevant part that:

> A civil action . . . that is commenced in a State Court and that is directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office. . . .

28 U.S.C. § 1442(a)(1). Removal of this action is authorized by 28 U.S.C. § 1442(a)(1), because the respondent in this action is an officer of the United States—namely, a United States Postal Service supervisor sued, at least in part, in her official capacity.

6. The complaint is subject to dismissal because sovereign immunity bars such an action against the United States or its officers in state court, and this court acquires no jurisdiction upon removal. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Ricci v. Salzman*, 976 F.3d 768 (7th Cir. 2020); *Edwards v. Department of Justice*, 43 F.3d 312, 316 (7th Cir. 1994); *Cole*

*v. United States*, 657 F.2d 107, 109 (7th Cir. 1981); *see also Ahmad v. Morley*, 2014 WL 2198251, *2-3 (N.D. Ill. May 27, 2014) (dismissing removed state court action for protective order against federal employee because the state court lacked jurisdiction to restrict employment by a federal employee or to improperly interfere with the operations of the federal government, and the district court under the doctrine of derivative jurisdiction acquired no jurisdiction to do so upon removal) and *Hearne v. Jones*, No. 15 C 3513, 2015 WL 3798113 (N.D. Ill. June 18, 2015) (same); *Jones v. Murff*, No. 23 C 4162 (N.D. Ill. July 31, 2023) Dkt. 11 (same) (attached as **Exhibit C**).

7. Consistent with 28 U.S.C. § 1446(b), this notice of removal is being filed within thirty days after receipt by the respondent of the initial pleading setting forth the claims upon which the action is based.

8. A copy of this Notice of Removal is being filed concurrently with the Clerk of the Circuit Court of Milwaukee County, Wisconsin and is being served on petitioner. *See* 28 U.S.C. §§ 1446(a), (d), and (g). The Circuit Court of Milwaukee County, Wisconsin is located within the jurisdiction of this Court. A copy of the Notice of Filing of Notice of Removal that was filed in the State Court Action is attached hereto as **Exhibit D**.

WHEREFORE, the action now pending in the Milwaukee County Circuit Court should be hereby removed to the United States District Court for the Eastern District of Wisconsin.

Dated at Milwaukee, Wisconsin, this 23rd day of February 2026.

    Respectfully submitted,

    BRAD D. SCHIMEL
    United States Attorney

By: *s/ Chris R. Larsen*

CHRIS R. LARSEN  
Assistant United States Attorney  
Wisconsin Bar No.1005336  
Office of the United States Attorney  
Eastern District of Wisconsin  
517 East Wisconsin Avenue, Room 530  
Milwaukee, WI 53202  
Telephone: (414) 297-1700  
Fax: (414) 297-4394  
Chris.Larsen@usdoj.gov