UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHA'RONN JACKSON,

      Petitioner,

v.

JAMETRICE ABNEY,

      Respondent.

Case No. 26-cv-303-NJ
(Milwaukee County Circuit Court
Case No. 26CV001185)

---

## MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS

---

After an alleged workplace dispute, an employee of the United States Postal Service filed an action in state court seeking a harassment injunction against her supervisor. Sovereign immunity, however, bars such suits in both state and federal court. As a result, following removal, the doctrines of derivative jurisdiction and sovereign immunity bar further prosecution of this case. Accordingly, the petition for an injunction should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

---

[1] Because the doctrine of derivative jurisdiction does not involve the Court's subject-matter jurisdiction, a motion to dismiss based on derivative jurisdiction is properly brought under Rule 12(b)(6) rather than 12(b)(1). *Rodas v. Seidlin*, 656 F.3d 610, 618 (7th Cir. 2011). Also, the Seventh Circuit has described sovereign immunity as "an affirmative defense, not a jurisdictional doctrine," making a motion to dismiss on sovereign immunity grounds proper under Rule 12(b)(6). *See Martin v. United States*, 654 Fed. App'x 235, 238 (7th Cir. 2016).

**Background**

On February 11, 2026, Petitioner Sha'Ronn Jackson, an employee of the United States Postal Service, filed a *pro se* Petition for Temporary Restraining Order (Harassment) in the Circuit Court for Milwaukee County, Wisconsin under case number 26CV001185. ECF #1-1. Her request for a harassment order against her supervisor, Jametrice Abney, relates to an alleged occurrence on January 29, 2026, at their federal workplace, a United States Postal Service ("USPS") post office in Milwaukee, Wisconsin. ECF #1-1.[2] Petitioner alleges that during a workplace dispute at their Post Office, Supervisor Abney became hostile and confrontational, yelled at petitioner, ran at petitioner with hands and arms swinging in her face, and got nose-to-nose close to petitioner, at one point hitting petitioner's forehead. ECF #1-1 at 4. She makes no allegation that any act or communication giving rise to the Petition occurred outside of the supervisor-employee relationship or the federal workplace. *Id*. Rather, the entirety of Petitioner's allegation is as follows:

> Thursday morning on the 29th of Jan I was doing morning work duties filling out paperwork and as I handed Jametrice Abney my paper she immediately became very angry and aggressive being very hostal & confrontational. She was stating I was doing it all wrong.  So I insisted on her to show me the correct way. but in return she ran up on me with rage

---

[2] Petitioner Sha Ronn Jackson's status as a United States Postal employee is confirmed in the attached Declaration of Tia Diagle, Manager of Customer Services at the USPS Milwaukee Post Office—Fred John Station. Daigle Dec. ¶ 3. Respondent Jametrice Abney, also a USPS employee, is responsible for supervising employees, including Carrier Sha Ronn Jackson, at the Fred John station. *Id*. at ¶¶ 2, 4. The incident in question occurred while Respondent Abney was acting within the scope of her employment and authority as a USPS supervisor. *Id*. at ¶ 7. As matters of public record, the court my take judicial notice of these background facts without converting the motion to dismiss into a motion for summary judgment. *See e.g., Murphy v. United Parcel Service, Inc.*, 528 F. Supp. 3d 983, 986 (E.D. Wis. 2021).

& anger towards me swinging her hands & arms in my face. She (Jametrice) also was yelling & gotten even more personal by getting in my face and her nose literally touching mines continuing to scream & yell "what you gonna do" "what you wanna do" when she was saying all this she also hit my forehead @ that time the manager pulled her away I then called 911 but she kept coming towards me tring to cause me more harm. I fear for my safety and my life.

*Id* (transcribed verbatim).

A State Circuit Court Commissioner issued a Temporary Restraining Order on the same date that Petitioner filed her Petition. ECF # 1-2. That order set an injunction hearing for February 25, 2026, at which time the Temporary Restraining Order would expire. *Id*. On February 23, 2026, the United States removed the state court case to this Court. ECF #1.

The effect of the now-expired Temporary Restraining Order is to threaten Ms. Abney with criminal liability for contacting Petitioner, an employee she supervises, in her official capacity as a United States Postal Service Supervisor, at the post office where Petitioner works. *See* ECF #1-2 at 2 ¶ 9 (directing that the respondent avoid contacting the petitioner … unless the petitioner consents in writing"). The Order further warned that "[v]iolations of the Temporary Restraining Order shall result in immediate arrest and is punishable by imprisonment not to exceed 9 months or a fine not to exceed $10,000, or both, payment of filing and service fees, and an order for GPS tracking". ECF #1-2.

ARGUMENT

**1. The Doctrine of Derivative Jurisdiction bars this action.**

Under the derivative jurisdiction doctrine, a federal court's section 1442 removal

3

jurisdiction is derivative of that of the state court. *Minnesota v. United States*, 305 U.S. 382, 389 (1939); *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981); *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994). Therefore, derivative jurisdiction holds that "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Ricci v. Salzman*, 976 F.3d 768, 771 (7th Cir. 2020) (citing *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17, 101 S. Ct. 1657, 68 L.Ed.2d 58 (1981)).

The doctrine may be invoked by way of a motion to dismiss within thirty days after removal under the federal officer removal statute, 28 U.S.C. § 1442. *Id*. at 772, 774. "When a defendant timely raises the derivative jurisdiction doctrine, it erects a mandatory bar to the court's exercise of federal jurisdiction, and a plaintiff cannot circumvent that bar merely by filing an amended complaint invoking federal jurisdiction." *Id.* at 773. Rather, invoking the doctrine "properly results in dismissal without prejudice." *Id.* at 773.[3]

Turning to the state court's jurisdiction, the United States, its agencies, and its employees acting in the scope of their employment are immune from state court suit unless Congress consents to the jurisdiction of that court. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Price v. United States*, 42 F.3d 1068, 1071 (7th Cir. 1994). "Waiver of sovereign immunity is a

---

[3] Although Congress has abrogated the doctrine of derivative jurisdiction in the general removal statute, *see* 28 U.S.C. § 1441(f), it has not done so under 28 U.S.C. § 1442. *Rodas v. Seidlin*, 656 F.3d 610, 618 (7th Cir. 2011).

Case 2:26-cv-00303-NJ    Filed 03/16/26    Page 4 of 9    Document 14

jurisdictional prerequisite in the nature of subject matter jurisdiction, in that unless sovereign immunity be waived, there may be no consideration of the subject matter." *Edwards v. United States Dep't of Justice*, 43 F.3d 312, 317 (7th Cir. 1994) (cleaned up); *Federal Deposit Ins. Corp.*, 510 U.S. at 475 ("Sovereign immunity is jurisdictional in nature.").

Here, the United States, including its agencies and its employees acting in the scope of their employment, did not consent to being sued in state court. *See Hearne v. Jones*, Case No. 15-cv-3513, 2015 WL 3798113, at *2 (N.D. Ill. June 18, 2015) (under the derivative jurisdiction doctrine, the district court lacked jurisdiction over a verified petition for a stalking no contact order that would have restricted a federal employee from appearing at work); *Ahmad v. Morley*, Case No. 2014-cv-1944, 2014 WL 2198251, at *2 (N.D. Ill. May 27, 2014) ("Since the State Court lacked jurisdiction to adjudicate the Petition [for a Stalking No Contact Order] because it was tailored so as to restrict employment by a federal employee or to improperly interfere with the operations of the federal government, under the doctrine of derivative jurisdiction this court has acquired no jurisdiction to do so upon removal."). Based on the derivative jurisdiction doctrine, this Court acquired the same subject-matter jurisdiction that the state court had over an unwilling sovereign: none. *Edwards*, 43 F.3d at 316. The Harassment Petition should therefore be dismissed without prejudice.

## II. Even if Petitioner had originally filed her Petition in this Court, sovereign immunity would bar her claim.

A suit against a government employee in her official capacity is, in effect, a suit against the sovereign. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The same holds true

when a federal officer is sued in his individual capacity, but the relief sought would, in effect, be relief against the United States. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687-688 (1949) (the sovereign can only act through its agents, and a suit for injunctive relief against a federal officer to restrain the officer's actions would effectively restrain the United States' actions by restraining its agent; such suits are barred by sovereign immunity absent the United States' consent to be sued).

As sovereign, the United States may not be sued without its consent. *Bartley v. United States*, 123 F.3d 466, 467 (7th Cir. 1997); *Mitchell*, 463 U.S. at 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). In other words, the United States and its agencies, as well as its employees if sued in their official capacities, are immune from suit "unless by statute Congress has expressly and unequivocally waived the government's sovereign immunity." *Barmes v. United States*, 199 F.3d 386, 388 (7th Cir. 1999).

On the facts present here, there are two possible sources of waiver: the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, and the Postal Reorganization Act of 1970 ("PRA"), 39 U.S.C. § 101 *et seq.* *Hendy v. Bello*, 555 Fed. App'x 224, 226 (4th Cir. 2014) (where a USPS employee obtained a state court peace order restraining her direct supervisor from contacting her or going to their mutual workplace, the only possible waivers of sovereign immunity are the FTCA and PRA). However, "[n]either is applicable here." *Id.*

First, "the FTCA by its plain terms applies only to suits seeking money damages."

6

*Hendy*, 555 Fed. App'x at 226 (citing 28 U.S.C. § 1346(b)). Here, Petitioner seeks an order barring Mr. Abney from having contact with her without her written consent, relief that is not available under the FTCA. *Id.*; *Dushane v. United States*, Case No. 22-cv-0589, 2023 WL 3725804, at *1 (S.D. Ind. May 30, 2023) ("The Court cannot enter an injunction against the United States because injunctive relief is not available under the FTCA.").

Second, as to the PRA, that statute allows the Postal Service "to sue and be sued in its official name." 39 U.S.C. § 401(1). However, the Postal Service did not waive sovereign immunity "(1) for types of suits that are 'not consistent with the statutory or constitutional scheme'; (2) when 'necessary to avoid grave interference with the performance of a governmental function'; or (3) for other reasons that demonstrate congressional intent to apply the 'sue and be sued' clause narrowly." *Hendy*, 555 F. App'x at 226 (quoting *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). These exceptions apply here, where Petitioner seeks a state-law injunction that would prohibit a federal supervisor from communicating with her employee at a federal workplace. As the *Hendy* court observed:

> It is inconsistent with the principle of federal supremacy to allow such interference with the performance of a federal employee's duties. Moreover, prohibiting a federal employee from entering her federal workplace, waiving sovereign immunity would disturb the federal agency's internal functions. This could not have been Congress's intent.

*Id.*

Additionally, even if the PRA "sue and be sued" clause could be construed to waive immunity for Petitioner's claim, "[a]n absence of immunity does not result in liability if the substantive law in question is not intended to reach the federal entity."

*Hendy*, 555 F. App'x at 226-227 (quoting *U.S. Postal Service v. Flamingo Indus.*, 540 U.S. 736, 744 (2004)). As in *Hendy*, it does not appear that the Wisconsin Anti-Harassment Statute has been construed to apply to the USPS or any other federal governmental entity. *See* Wis. Stat. § 813.125.

For these reasons, this Court should join other federal courts that have found no waiver of sovereign immunity where a postal employee seeks a no-contact order against her supervisor. *Hendy*, 555 F. App'x at 227 (affirming dismissal of USPS employee's petition for a no-contact order "for lack of subject-matter jurisdiction on sovereign-immunity grounds"); *Young v. Frame*, Case No. 19-cv-0016, 2019 WL 2437444 (E.D. Mo. June 11, 2019) (on removal of USPS employee's petition for order of protection against her supervisor, dismissal was warranted because the employee's claims were barred by sovereign immunity, thereby depriving the court of subject-matter jurisdiction, and because the employee had not alleged exhaustion of administrative remedies available under the appropriate statutes); *Haynie v. Bredenkamp*, Case No. 16-cv-0773, 2016 WL 3653957 (E.D. Mo. July 8, 2016) (same); *Cubb v. Belton*, Case No. 15-cv-0676, 2015 WL 4079077 (E.D. Mo. July 6, 2015) (same)[4]; *see also Hearne*, 2015 WL 3798113, at *2 (dismissing an Illinois Verified Petition for a Stalking No Contact Order by one federal employee against another based on sovereign immunity); *Ahmad*, 2014 WL 2198251, at *2 (same);

---

[4] As noted in *Young*, *Haynie*, and *Cubb*, Petitioner's claim might also be cognizable under either the Title VII of the Civil rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, or the Civil Service Reform Act of 1978, 5 U.S.C. § 7501, *et seq.* "Each of these statutes requires the exhaustion of administrative remedies prior to the initiation of suit in federal court." *Cubb*, 2015 WL 4079077, at *3. As in those cases, there is no indication that Petitioner has pursued her administrative remedies with respect to the claim asserted here.

*Perkins v. Dennis*, Case No. TDC-16-2865, 2017 WL 1194180, at *2-3 (D. Md. Mar. 30, 2017) ("[F]ederal courts regularly dismiss removed state court petitions for restraining orders or peace orders filed by federal employees, based on alleged misconduct in the workplace, to restrain the conduct of a co-worker at a federal office.").

## CONCLUSION

For the foregoing reasons, Respondent respectfully requests that this Court dismiss Petitioner's petition for a harassment injunction pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated at Milwaukee, Wisconsin, this 16th day of March 2026.

Respectfully submitted,

BRAD D. SCHIMEL
United States Attorney

By:  s/Chris R. Larsen
CHRIS R. LARSEN
Assistant United States Attorney
Wisconsin Bar Number: 1005336
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1700
Fax: (414) 297-4394
E-Mail: chris.larsen@usdoj.gov

*Attorneys for Respondent Jametrice Abney*